```
1   Eric H. Gibbs (State Bar No. 178658)              JS-6
    ehg@girardgibbs.com
2   Dylan Hughes (State Bar No. 209113)
    dsh@girardgibbs.com
3   Geoffrey A. Munroe (State Bar No. 228590)
    gam@girardgibbs.com
4   GIRARD GIBBS LLP
5   601 California Street, 14th Floor
    San Francisco, California  94108
6   Telephone:  (415) 981-4800
    Facsimile:   (415) 981-4846
7
8   Norman E. Siegel
    siegel@stuevesiegel.com
9   Todd Hilton
    hilton@stuevesiegel.com
10  STUEVE SIEGEL HANSON LLP
    460 Nichols Road, Suite 200
11  Kansas City, MO 64112
12  Telephone: (816) 714-7100
    Facsimile: (816) 714-7101
13
    Co-Lead Class Counsel
14
```

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

*CV06-3161-AHS (MLGx)*

| | |
|---|---|
| MICHAEL PARKINSON, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>HYUNDAI MOTOR AMERICA, INC., a California Corporation,<br><br>Defendant. | Case No.  SACV 06-345 AHS (MLGx)<br><br>Honorable Alicemarie H. Stotler<br><br>**FINAL ORDER AND JUDGMENT** |

This matter came before the Court for hearing pursuant to the Order Granting Preliminary Approval of Class Settlement dated March 3, 2010 ("Preliminary Approval Order"), and on application of the parties for final approval of the parties' Settlement Agreement dated January 28, 2010. Due and adequate notice having been given of the proposed settlement as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Pursuant to this Court's class certification order of November 6, 2008, the Class has been defined as:

> All current or former owners or lessees of a manual-transmission 2003 Tiburon GT, produced on or before April 1, 2003, who paid for a replacement to the flywheel assembly, clutch disc assembly, clutch cover assembly, or clutch release bearing within the applicable warranty period.
>
> Excluded from the Class are all claims for personal injury. Also excluded from the Class are Hyundai and Hyundai Motor Company; any affiliate, parent, or subsidiary of Hyundai or Hyundai Motor Company; any entity in which Hyundai or Hyundai Motor Company has a controlling interest; any officer, director, or employee of Hyundai or Hyundai Motor Company; any successor or assign of Hyundai or Hyundai Motor Company; anyone employed by counsel for Plaintiff in this action; and any Judge to whom this case is assigned as well as his or her immediate family and staff; and anyone who purchased a Class Vehicle for the purpose of resale.

For purposes of the Settlement Agreement, the parties have agreed that "the applicable warranty period" in the class definition means: (a) for lessees or then-original owners, 10 years from the date of original delivery or date of first use, or 100,000 miles, whichever occurs first; or (b) for subsequent purchasers, 5 years from the date of original delivery or date of first use, or 60,000 miles, whichever occurs first.

2. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

3. The Court finds and concludes that notice has been given to all Class Members known and reasonably identifiable, and was the best notice practicable under the circumstances, fully satisfying due process and the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Court further finds that notice has been given to the appropriate federal and state officials pursuant to 28 U.S.C. § 1715.

4. The Court approves the Settlement Agreement and finds that it is, in all respects, fair, reasonable, and adequate for the Class.

5. The Court hereby dismisses this action with prejudice and without costs, except as might be awarded in connection with Class Counsel's application for attorneys' fees and reimbursement of expenses ("Fee Application").

6. The Court shall consider the Fee Application separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement. Any order or proceedings relating to the Fee Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not disturb or affect this Judgment or affect or delay the finality of this Judgment.

7. Upon the Effective Date of the Settlement Agreement, the Plaintiffs and each Class Member shall be deemed to have, and by operation of this Judgment shall have, released, waived, and discharged any and all legal claims or causes of action of any nature whatsoever, including but not limited to any claim for violations of federal, state, or other law (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), including claims that have been or could have been asserted against Hyundai Motor America, Inc. ("Hyundai") in the Action or in any other complaint, action, or litigation in any other court or forum which arise from or relate to the repair of Flywheel/Clutch Parts within the applicable warranty period. Notwithstanding the foregoing, claims for personal injuries or damage to property (other than to the Class Vehicle) allegedly caused by a defect in the Flywheel/Clutch Parts and any

1 | claims of or rights to subrogation are not released, and the vehicle warranty, if
2 | any, shall remain in full force and effect.
3 |     8.    Upon the Effective Date of the Settlement Agreement, Hyundai and
4 | its past or present officers, directors, employees, agents, attorneys, predecessors,
5 | successors, affiliates, subsidiaries, divisions, and assigns, shall be deemed to have,
6 | and by operation of this Judgment shall have, released, waived, and discharged
7 | any and all legal claims, cross-claims, counterclaims, or other causes of action of
8 | any nature whatsoever against Plaintiffs, Class Members, or Class Counsel,
9 | including but not limited to any claim for violations of federal, state, or other law
10 | (whether in contract, tort, or otherwise, including statutory, common law,
11 | property, and equitable claims), arising from or related to the repair of
12 | Flywheel/Clutch Parts or the litigation or settlement of this Action.
13 |     9.    Attached to this Judgment is a list setting forth the name of each
14 | person who submitted a request for exclusion from the Class in compliance with
15 | the procedures set forth in the Preliminary Approval Order.  The persons so
16 | identified shall be neither entitled to benefits from the Settlement nor bound by
17 | this Judgment.  All Class Members who have not submitted such an exclusion
18 | request shall be bound by this Judgment.
19 | //
20 | //
21 | //
22 | //
23 | //
24 | //
25 | //
26 | //
27 | //
28 | //

10. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement; (b) further proceedings, if necessary, on applications for attorneys' fees, expenses, and costs in connection with the action and the Settlement; and (c) the parties and the Class Members for the purpose of construing, enforcing, and administering the Settlement Agreement and this Judgment.

Dated: June 28, 2010

**ALICEMARIE H. STOTLER**
Hon. Alicemarie H. Stotler
United States District Court Judge

## PERSONS REQUESTING EXCLUSION FROM THE CLASS

| NAME | ADDRESS | CITY, STATE & ZIP |
|---|---|---|
| Alvarez, Pedro | 1100 Carlisle St. | Hanover, PA 17331 |
| DeHart, Richard S. | P.O. Box 1451 | Medina, TX 78055 |
| Doitchinoff, Kyle | 405 E. 15th St. | Kearney, MO 64060 |
| Farris, Steven C. | 18506 Old Troutman Ln. SW | Frostburg, MD 21532 |
| Kershaw, Rodney E. | 426 School Rd. | Jacobus, PA 17407 |
| Malone, Carol A. | 727 Marraco Dr. | Sparks, NV 89434 |
| Manzi, Christopher | 359 Upper Holland Rd. | Richboro, PA 18954 |
| Sentz, Christie | 1756 Jefferson Rd. | Spring Grove, PA 17362 |
| Whitaker, Evelyn L. | 20149 Lora Ln. | Bend, OR 97702 |